in the section as above quoted. It is conceded by appellant's counsel that, had the section remained in its original form without amendment, notice of trial of the issue raised by the demurrer could properly have been given for the term at which it was heard. Kissam v. Bremmerman, 27 Misc. Rep. 14, 57 N. Y. Supp. 890. But he insists that, as there was a Special Term distinct from the Trial Terms of the Supreme Court appointed to be held in Yates county, at which such an issue might be tried, the section as amended does not permit such an issue to be noticed for trial at a term held elsewhere than in that county. This does not seem to be the effect of the amendment. Its interpolation in the section of the disjunctive clause "or an issue of fact triable by the court without a jury, arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for trial of such cases," does not appear to be designed to change or limit the theretofore existing right of trial of an issue of law in any county in the same judicial district with that in which the venue of the action was laid. Its effect is rather to add the further right to try issues of fact in another county in the same district, provided there was not appointed to be held in the county where the action was triable a Special Term, distinct from Trial Terms, for the trial of issues of fact; the restrictive expression used in the amendment, "arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for the trial of such cases," relating back and referring only to the antecedent nominative of the added clause of which it forms a part—that is, cases in which an issue of fact triable by the court without a jury is presented. Giving to the amendment this construction avoids the result of changing a long-established rule of practice, a result which it will not be presumed was intended by the enactment.

The order appealed from should be affirmed, with $10 costs and disbursements. This disposition of the order leaves the order overruling the demurrer, the interlocutory judgment entered thereon, as well as the final judgment from which an appeal is also taken, as granted and entered on defendant's default. No appeal from a judgment can be taken by the party on whose default it was made. Section 1294, Code Civ. Proc.

The appeal from the judgment should therefore be dismissed.

---

PEOPLE ex rel. TINTON BLDG. CORPORATION v. GANLY, County Clerk.

(No. 6883.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

INTERNAL REVENUE ⊚⟶19—STAMP TAX—TRANSCRIPT OF JUDGMENT.

A transcript of a judgment of the Municipal Court of the City of New York is not required to be stamped, etc., by Revenue Act U. S. Oct. 22, 1914, c. 331, § 5, 38 Stat. 753, imposing a stamp tax on bonds, debentures, certificates of stock, and other matters and things, before the same can be filed by the county clerk.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 39–44; Dec. Dig. ⊚⟶19.]

Appeal from Special Term, New York County.

Action by the People, on the relation of the Tinton Building Corporation, against James V. Ganly, as Clerk of Bronx County. From an order denying a motion for a writ of mandamus, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George D. Carrington, of New York City, for appellant.

PER CURIAM. This appeal is from an order denying a motion for a writ of mandamus directing the clerk of Bronx county to receive and file in his office a transcript of judgment issued out of the Municipal Court of the City of New York. The transcript was correct in form, and the respondent refused to receive or file the same solely on the ground that the 10-cent stamp required by section 5, Schedule A, of the United States Revenue Act of October 22, 1914 (38 Stat. 753, c. 331), had not been affixed thereto and canceled.

We are of the opinion that the transcript of the judgment referred to does not come within the provisions of the act, and therefore a stamp tax is not required to be affixed thereto and canceled before the same can be filed in the county clerk's office. Such transcript is a necessary part of a court proceeding, and its filing in the county clerk's office is a step to effectuate and enforce the judgment in the county of the Bronx.

The construction thus given to the statute is the one placed upon it by the collector of the Fourteenth district of New York (see New York Law Journal, Saturday, February 6, 1915); also by the Commissioner of Internal Revenue (see circular, December 11, 1914, T. D. 2087). This, however, was not the position taken by the relator at the time the transcript was presented to the respondent. He then conceded, as he does in the brief presented on this appeal, that the transcript was a certificate within the meaning of the federal act, but that act, in so far as it required a stamp to be affixed and canceled upon such certificate, was unconstitutional.

Under such circumstances, while we think the order should be reversed, and the motion granted, it should be without costs.

The order appealed from, therefore, is reversed, and the motion granted, without costs to either party.